IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VINEETHA PHILLIPS,**<br><br>PLAINTIFF<br><br>V.<br><br>**CHUBB Insurance Company; INSURERS 1-10; UNKNOWN DEFENDANTS 1-10**<br><br>DEFENDANTS. | CIVIL NO.:<br><br>PLAINTIFF DEMANDS TRIAL BY JURY<br><br>TORTS - DIVERSITY |

## *COMPLAINT*

**TO THE HONORABLE COURT**:

Comes now **Plaintiff**, by and through his undersigned attorneys, whom respectfully state, allege, and request as follows:

### I.   NATURE OF ACTION

1.1   This is an action brought under the laws of the Commonwealth of Puerto Rico, seeking compensatory damages for the physical and emotional injuries suffered by **Plaintiff** in the caption, because of the **Defendant's** negligence where **Plaintiff** sustained injuries in a property insured by **Defendant CHUBB Insurance Company** ("**Chubb**" or Defendant) where there was a failure to properly maintain the facilities where Plaintiff was injured.

1.2   Said hotel was knowingly kept in dangerous conditions and allowed to continue in such a dangerous state.

### II.   JURISDICTION AND VENUE

2.1   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, inasmuch

as the claims involve citizens that are residents and are domiciled in different States of the United States of America and the damages suffered by **Plaintiff** exceed the amount of $75,000.00, excluding costs and interests. This action is brought forth under the Puerto Rico Civil Code including its general tort statute.

      2.2      **Plaintiff** is a domiciled resident of the State of New York, while **Defendant** is a local Puerto Rico corporation.

      2.3      Venue is proper in the instant case as all claims arise from events that occurred within the jurisdiction of this Court in the Commonwealth of Puerto Rico.

      2.4      **Plaintiff** demands that all issues of material fact be tried by jury.

## III.    TOLLING OF THE STATUTE OF LIMITATIONS

      3.1      The events giving rise to the present action occurred on February 20, 2024.

      3.2      On April 30, 2024, **VINEETHA PHILLIPS** interrupted the applicable statutes of limitations by making an out-of-court claim to **Chubb** for the damages she has suffered and will suffer as a result of the subject accident, which are claimed below.

      3.3      Subsequently, on March 4, 2025, **VINEETHA PHILLIPS** anew tolled the applicable statutes of limitations by filing a civil action against **Chubb** with this Court, captioned as *Phillips v. CHUBB Insurance Company*, 25-1127 GMM, claiming compensation for those same damages, which was voluntarily dismissed without prejudice on June 26, 2025. ECF 5 & 6.

## IV.    PARTIES TO THE ACTION

      4.1      Plaintiff **VINEETHA PHILLIPS** (hereinafter referred to as "**PHILLIPS**" or "Plaintiff") is of legal age, and a resident of West Nyack, New York. She is the injured party to this case due to Defendants' negligence and misconduct. She appears on his own behalf.

4.2     Defendant **CHUBB Insurance Company** is an entity incorporated in and with its principal place of business in San Juan, Puerto Rico, who issued an insurance policy in favor of the *Hilton International of Puerto Rico LLC, Hilton Worldwide International Puerto Rico LLC, d/b/a Condado Palm Inn Tapestry Collection by Hilton*, where **Plaintiff** sustained her injury where the object of this complaint occurred.

4.3     Defendants **INSURERS 1-10** are, by information and belief, the ten (10) business entities organized under the laws of a State of the Union different from that of Plaintiffs, whose real name is presently unknown, and that have issued insurance policies that covers the vehicle involved in the accident object of this complaint, of any kind including excess or umbrella policies, that cover all or part of the risks, damages, occurrences and/or events alleged in this complaint.

4.4     Defendants **UNKNOWN DEFENDANTS 1-10** are, by information and belief, the ten (10) business entities or natural persons that could be liable to Plaintiff for creating the risk condition that caused her accident and her damages or for being responsible for paying the compensation to which she is ultimately entitled to.

**V.     FACTS COMMON TO ALL CAUSES OF ACTION**

5.1     On February 20, 2024, **PHILLIPS** was a business invitee and guest at the *Condado Palm Inn Tapestry Collection by Hilton* located in the Condado area in San Juan, Puerto Rico. While in her room, where she was staying as a guest in said hotel, after showering, she proceeded to open the glass door of the bathtub, when suddenly it shattered, multiple pieces fell on her, causing several lacerations in various parts of her body.

5.2     As a result of the injury, **PHILLIPS** suffered multiple bodily traumas and had to be treated at the emergency center of Ashford Presbyterian Hospital. Thereafter, she returned home

3

to her residence in West Nyack, New York, where she continues to undergo treatment, particularly for a laceration in a tendon of her right foot, which required reconstructive surgery.

5.3     All of the above has caused **PHILLIPS** considerable physical and emotional distress, medical expenses and has left her with a permanent partial impairment in her total bodily function. **Plaintiff** has also incurred in considerable medical expenses and sustained a loss of income.

5.4     At the time, there were no signs or warnings in the room where **PHILLIPS** sustained her injury alerting the guests or any other person who legally used such area of the hazardous and dangerous condition that the bathroom glass door presented.

5.5     At all times relevant to this matter, Defendants had a heightened legal duty of care to keep all facilities at the *Condado Palm Inn Tapestry Collection by Hilton* free of risks and dangerous conditions, and to take all reasonable and necessary measures to protect the tourists, citizens, visitors and any other person who legally used such facilities, including **Plaintiff**, against any foreseeable risk of injury, harm or bodily harm.

5.6     The accident described above was caused, solely and exclusively, by the negligence of **Defendant** in maintaining a hazardous door to the bathing area where it was reasonably foreseeable that guests and patrons would walk into in very close proximity to such glass door, thereby creating an ostensibly hazardous condition for the guests, tourists, citizens, visitors and any other person who legally used such area, without giving notice of such existing hazardous condition and without taking precautionary measures to prevent said people from sustaining such injuries and avoiding accidents like the one that occurred to **PHILLIPS**.

5.7     **Defendant** knew or, in the exercise of due diligence, should have known, about the existence of the perilous condition negligently installed and/or maintained by their employees or

agents in the hotel bathrooms and it was reasonably foreseeable to **Defendants** that such dangerous condition could and, in fact, did pose a threat to the safety and well-being of the guests, tourists, citizens, visitors and any other person who legally used such area, including **PHILLIPS**, but they did nothing to eliminate such hazardous condition before the occurrence of the fall suffered by Plaintiff.

5.7     **Defendant** had a duty of care towards the guests, tourists, citizens, visitors and others, such as **PHILLIPS**, to keep the premises in a reasonably safe condition and to adequately inspect the same, according to applicable standards and their knowledge and experience, for the existence of any hazards and dangerous conditions, in order to prevent such people from being exposed to any foreseeable risk or peril of bodily injury, damage or harm.

5.8     Likewise, **Defendant** had the duty of care towards the guests, tourists, citizens, visitors and others, such as **PHILLIPS**, to provide adequate supervision, training, and instructions to their respective employees or agents to ensure that they could identify and recognize hazardous and dangerous conditions in the public walkways, so that the latter could effectively take any proper, reasonable and necessary precautions or measures required to protect the former from being exposed to any foreseeable risk or peril of bodily injury, damage or harm.

5.9     **Defendant** was negligent in that they breached and utterly failed to comply with their duties to:

   a. properly install, inspect and repair the bathroom's and glass door of the hotel in order to identify hazardous, perilous or dangerous conditions and repair the same;

   b. properly train and instruct their respective agents or employees to maintain such bathroom and glass doors in a reasonably safe condition for the use of the guests, tourists, citizens, visitors and others -- including, but not limited to, training and instructions on how to adequately inspect, identify and remove or eliminate or warn against hazardous, perilous or dangerous conditions;

  c. maintain said bathroom and glass doors in reasonably safe conditions for their intended use, free from hazardous, perilous or dangerous condition; and,

  d. to warn about the perilous condition in the area in the bathrooms.

5.10 It was reasonably foreseeable to **Defendant** that their failure to comply with one or more of the previously mentioned duties could cause guests, tourists, visitors, or hotel guests and others lawfully using said grounds to suffer injuries, damages and harm, as those occasioned to and suffered by **PHILLIPS**.

5.11 The sole and exclusive negligence of **Defendant** was the proximate or adequate cause of the injuries, damages and losses suffered by **PHILLIPS**, stated hereinunder. By incurring in such negligence, the **Defendant** responds to **Plaintiff** for the damages caused.

5.12 **Chubb** issued a public liability policy in favor of *Hilton International of Puerto Rico LLC, Hilton Worldwide International Puerto Rico LLC, d/b/a Condado Palm Inn Tapestry Collection by Hilton* to cover risks and damages such as those reported in this Complaint, under the terms of which it is liable to **PHILLIPS**, jointly and severally with its insured for the damages she has suffered.

5.13 **Insurers 1-10** issued one or more insurance policies in favor of *Hilton International of Puerto Rico LLC, Hilton Worldwide International Puerto Rico LLC, d/b/a Condado Palm Inn Tapestry Collection by Hilton* which cover(s) risks and damages such as those related in this Complaint, and the negligence of its/their insured(s), under the terms of which it/they respond to **PHILLIPS**, directly and independently, for the damages suffered.

5.14 **Insurers 1-10** and **Unknown Defendants 1-10** are also, jointly and severally, liable with the other Defendants to Plaintiff as to the liability attributed to them in this Complaint.

5.15 **Unknown Defendants** 1-10 are liable to Plaintiff for their negligence in the occurrence of the accident which ultimately is the direct or contributory cause of the accident or

6

for having the obligation to pay any compensation that Plaintiff is entitled to.

5.16    All **Defendants** are jointly and severally liable to **Plaintiff**.

## VI. FIRST CAUSE OF ACTION

6.1    The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

6.2    As a direct result of the above-stated negligent acts and/or omissions of **Defendant**, **PHILLIPS** suffered shock and trauma to his body, including his muscular, skeletal and nervous systems; and, she sustained a lower body laceration, which required hospital intervention, immobilization and will most probably require additional medical care in the near future.

6.3    As a direct consequence of the severe shock and trauma **PHILLIPS** sustained, she suffered and continues to suffer from persistent and excruciating physical pains, aches and neurological deficits. Moreover, these injuries have caused her to suffer from loss or limitations of movement and potentially permanent and partial disabilities; and, to undergo organic, functional, physiological and neurological changes of a premature, degenerative and progressive nature. All of these injuries have also substantially limited her capacity to perform activities common for people of his age and sex, as well as his ability to participate and/or attend customary social and recreational activities and entertainment functions with his family and friends.

6.4    For these physical pains, injuries and disabilities, **PHILLIPS** is entitled to receive and hereby demands just and fair compensation from Defendant, for a reasonable amount of not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

## VII. SECOND CAUSE OF ACTION

7.1    The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

7.2     As a direct consequence of the above-stated negligent acts and/or omissions of **Defendant** and the resultant physical pains, injuries and disabilities sustained by **PHILLIPS**, she suffered, is suffering and will continue to suffer from permanent and severe mental anguish and emotional distress.

7.3     As a further direct consequence of the foregoing, **PHILLIPS** sustained a loss of happiness and the capacity to enjoy life, and an inability to maintain normal social and familial relationships.

7.4     For these mental and emotional damages, **PHILLIPS** is entitled to receive and demands just and fair compensation from Defendants, for a reasonable amount of not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

**VIII.   THIRD CAUSE OF ACTION**

8.1     Plaintiff repeats and reasserts by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

8.2     As direct result of her injuries and impairment, **PHILLIPS** required in the past and will require in the future medical treatment and, she has not been, and will not be, able to work as he ordinarily did, which translates into a permanent partial loss of income.

8.3     **PHILLIPS** is entitled to receive as a full, just and fair compensation for the past and future loss of income and medical and other analogous expenses a reasonable sum of no less than **THREE HUNDRED THOUSAND DOLLARS ($300,000.00).**

**IX.    FOURTH CAUSE OF ACTION**

9.1     Plaintiff repeats and reasserts by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

9.2     **PHILLIPS** claims payment of the additional compensation to which she is entitled

in accordance with Article 1538 of the Civil Code of Puerto Rico, for an amount equal to that previously claimed as compensation for her damages.

X.      **PREJUDGEMENT INTEREST, ATTORNEY FEES AND COSTS**

**WHEREFORE,** it is respectfully requested that Judgment be entered by this Honorable Court in favor of the Plaintiff and against the defendant:

a. granting the plaintiff all the sums and remedies requested in the complaint;

b. imposing upon the defendants the payment of all costs and expenses to be incurred in this lawsuit;

c.  awarding Plaintiff a reasonable amount for attorneys' fees; and,

d.  granting the Plaintiff any other relief that they may be entitled to as a matter of law.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 12th day of February, 2026.



400 Calle Calaf
PMB 165
San Juan, Puerto Rico 00918-1314
Teléfono      787-761-1067
              787-761-1310
Telefax       787-330-0015
www.quintanasuarez.com

*s/* Jorge R. Quintana Lajara
_____
Lcdo. Jorge R. Quintana Lajara
USDC No. 219203
Email: jorge@quintanasuarez.com
Direct 787-309-7531

9

*s*/Pedro R. Vazquez

---

Pedro R. Vázquez
USDC No. 216311
Email: Prvazquez3@gmail.com
pvazquez@quintanasuarez.com
Direct 787-925-46690
